## WILLIAM SIMONDS *vs.* BENJAMIN WELLINGTON.

A deed of certain premises reserved to the grantor " the right to have all the passage way kept open east of the buildings, as now standing, forever." The kitchen, part of the buildings then on the land projected ten feet more easterly than the main part, and a fence was standing in front of the buildings, extending as far east as the kitchen part and no farther, and from a gate in this fence a footpath led along by the east side of the main building to the front kitchen door: *Held*, that the right of way reserved in the deed included only the space east of the kitchen part, and not up to the main building.

ACTION on the case for the obstruction of a private right of way. It was tried in this court before *Bigelow*, J. on the general issue. The plaintiff being the owner of land on the north side of Main street, in Waltham, which runs east and west, conveyed the front portion thereof situated on the street, to Darius Wellington, " reserving however the right to have all the passage way kept open east of the buildings, as now standing, forever." At the time of this conveyance, and ever since, the plaintiff owned a barn and stable on the adjoining

back land not conveyed to Darius Wellington, to which barn was the passage way mentioned in the deed; and the controversy was, how wide this passage way should be under the reservation in said deed.

There was on the land conveyed to Darius Wellington at the time of the conveyance, a dwelling-house fronting on Main street, and about ten feet therefrom, but the rear or kitchen part of said dwelling-house extended about ten feet more easterly than the main part, and towards the Waltham bank lot, and the principal question was whether the reservation in the plaintiff's deed secured a right of way, only as wide as the space between the kitchen part of said dwelling-house and the Waltham bank lot on the east, or whether the plaintiff had also a right of way over the jog made by the projection of the kitchen part easterly, beyond the east line of the main part of the dwelling-house.

It appeared that at the time of said conveyance, a path led from the front door of the projecting kitchen part, along by the east side of the main building to a gate about three and a half feet wide in the front fence. On each side of this gate was a post about seven inches square; and a cherry tree about eighteen inches in diameter stood near the gate on one side, about in a line with the east side of the main part of the house. There was no fence between the path to the kitchen door and the passage way on the east, nor between the passage way and the bank lot adjoining, nor east of the gate aforesaid, nor in front of the bank lot.

Said Darius Wellington erected a piazza on the east side of the main part of said house, and in front of the kitchen end, which the plaintiff claimed not only obstructed his passage over the jog aforesaid, but also projected somewhat further east than the kitchen part, and therefore obstructed in some degree the main passage way to his premises in the rear. He afterwards conveyed the whole estate to the defendant, making the same reservation as in the plaintiff's deed to him. The piazza remained as before, which was the injury complained of.

The case was by consent taken from the jury and submitted to the court on the foregoing facts, with the agreement that if

the court shall be of opinion that the plaintiff, by the terms of his reservation, is entitled to have only the space east of the L or projection kept open, judgment is to be for the defendant.

But if the plaintiff is entitled to have the whole space east of the main house kept open, judgment is to be entered for the plaintiff, and the case is to be sent to an assessor to ascertain the plaintiff's damage.

*A. H. Nelson & J. P. Converse*, for the plaintiff.

*E. Buttrick*, for the defendant.

SHAW, C. J. This is an action on the case for a nuisance, in obstructing the plaintiff's private right of way. The right of way is claimed by force of a reservation of a way, out of a conveyance made by the plaintiff to the defendant's grantor. The conveyance was made by deed, December 1, 1840, of a parcel of land bounded south on the Main street, in Waltham, east on land of the Waltham bank, and north on other land of the grantor. The grantor had a stable on the rear land north, not granted, and in his deed to Darius Wellington, the defendant's grantor, a right of way was reserved in these words: " Reserving, however, the right to have all the passage way kept open, east of the buildings as now standing, forever."

The question is, upon the extent and limits of the way thus reserved; a question which it may be difficult to render intelligible without a plan. Perhaps it will be sufficient to say, that on the lot granted was a dwelling-house, towards the front on the Main street, with an easterly side facing towards the land of the Waltham bank; that at some distance back, about two thirds of the east line of the house, was a kitchen part ten feet wide, the easterly side of which kitchen part was of course ten feet further east than the line of the main house. In the southerly end of the kitchen was a door, opening towards the Main street, with a pathway to the street, and a gate opening from that pathway to the street. The plaintiff contends that his right of way extends quite up to the easterly side of the main house, then round by the kitchen end, and then by the east side of that kitchen end northerly to his own rear premises.

We think, that by the rules of construction, a reservation

being in the words of the grantor must be taken most strongly against him, and favorably to the grantee; still, they are to be taken according to the natural meaning and effect of the words used to carry into effect the intent of the parties. A deed poll, though executed by one party only, must be regarded as the mutual contract of the parties; the one granting and the other accepting the grant, with whatever conditions or reservations; both are supposed to understand the terms of it, and are bound by them. But in ascertaining the intent of the parties to such contract, it must be construed according to the subject-matter, and all the circumstances affecting them, which circumstances are supposed to be equally understood by both parties. Under this rule, therefore, both knew the east line of the lot granted, coinciding with the line of the bank lot, the relative positions of the main house and the kitchen end, and that the latter was ten feet further east than the former, the tree and gate in the street in front of the kitchen, and the pathway from the gate to the kitchen; that the lot sold was the front part of a larger lot, and that a way would be convenient, if not necessary, to the land and stable in the rear part retained by the grantor. The right was not limited to any species of travel, as for a footway, or cart-way; it was therefore general for all purposes. Under these circumstances, we are of opinion that the reservation secured to the grantor a general right of way, for all proper purposes not limited to the actual way then used, which was partly over the land of the bank, not of right, but by sufferance, but extending over that part of the granted premises lying between the land of the bank, and the east line of the buildings. These latter words alone create any doubt. Do they mean, running from the street by the east line of the main house, as far back as the kitchen, then at right angles, on the south of the kitchen, then by the east line of the kitchen? We think not, for several reasons. The tree and gateway in front, on the street, extending so far as nearly to cover the width of the kitchen, and the pathway from the gate to the kitchen, show that they were intended for the use of the main house and kitchen, and were used with them,

and lead to the conclusion, that the space between the east side of the main house and that path, were not intended to be reserved. In the absence of express words, the reservation is to be reasonably construed, so that whilst it secures a beneficial right to the grantor, it shall not unnecessarily limit the grant, and impose a burden upon the grantee, not necessary to the beneficial enjoyment of the right reserved. Under these circumstances we think that the words " east of the buildings as now standing," do not necessarily carry the way reserved up to the east line of the main house, but are satisfied by construing them to mean, east of the kitchen part, which was one of the buildings then standing, and the most easterly one of them. The court are of opinion, therefore, that the way reserved is to. be limited by a line drawn from the east side of the east post of the small gate on the street, to the southeast corner of the kitchen as it stood at the time of the grant, and that the plaintiff, the original grantor, is entitled to a passage way for all travel, between the line thus described and the land of the Waltham bank.

If the defendant, by the erection or continuance of the piazza complained of, has encroached upon the way thus reserved to the plaintiff, the case is to go to an assessor to report the damage ; if the piazza does not extend east of the line thus described, then judgment is to be entered for the defendant.  *Judgment accordingly.*

The assessor's report awarding damages to the plaintiff, for the sum of $25, was accepted at the October term, 1855, and judgment entered thereon.